The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> RAILEN JANAI WHEELER, <br><br> Defendant. | NO. 2:18-cr-00132-RAJ <br><br> ORDER ON DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE |

This matter comes before the Court on Defendant Railen Janai Wheeler's motion for compassionate release. Dkt. 1141. Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby **DENIES** the motion for the reasons explained herein.

**I. BACKGROUND**

Mr. Wheeler is an inmate currently detained at Federal Correctional Institution Englewood, with a projected release date of July 9, 2027. On June 3, 2019, Mr. Wheeler entered a plea of guilty to one count of Conspiracy to Distribute Controlled Substances, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(B), and 846, and one count of Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of Title 18, United States Code, Sections 924(c)(1)(A)(i) and 2. Dkt. 510. On August 23, 2019, this Court sentenced Mr. Wheeler to a term of 128 months of imprisonment, to be followed by five years of supervised release. Dkt. 621. Mr. Wheeler

ORDER - 1

has now filed a motion for compassionate release, arguing that he presents extraordinary and compelling reasons for the Court to immediately release him, specifically that he is needed at home to provide care for his elderly parents and for his two grandchildren. Dkt. 1141. The government opposes Mr. Wheeler's motion. Dkt. 1142.

## II. DISCUSSION

**A.     Legal Standard for Release or Reduction in Sentence Under 18 U.S.C. § 3582(c)(1).**

The criminal justice system relies on the finality of judgments. Once imposed, a sentence can be modified only in very limited circumstances. "With 18 U.S.C. 3582(c)(1)(A), Congress provided one such 'narrow' exception – sometimes called compassionate release – for when 'extraordinary and compelling reasons' warrant reducing a defendant's sentence." *United States v. Bryant*, 144 F.4th 1119, 1123 (9th Cir. 2025) (citations omitted).

Assuming a defendant exhausts their administrative remedies, a compassionate release is discretionary, provided three conditions are met. *Bryant*, 144 F.4th at 1123. "First, the district court must find 'extraordinary and compelling reasons" warrant a sentence reduction. Second, the reduction must be 'consistent with applicable policy statements issued by the Sentencing Commission.' Third, the district court must consider the sentencing factors in 18 U.S.C. 3553(a) – including the nature of the offense and the defendant's characteristics – to determine 'whether the requested sentence reduction is warranted under the particular circumstances of the case.' The district court may deny defendant's motion if he fails to satisfy any of these conditions." *Id.* (citations omitted).

In 2023, the Sentencing Commission revised USSG 1B1.13 to address the changes made by the First Step Act. Courts are now bound by the policy statement contained in that Guideline provision, which provides authoritative guidance on what qualifies as an "extraordinary and compelling" reason. *Bryant*, 144 F.4th at 144.

Mr. Wheeler's motion relies on the "Family Circumstances" prong, Section 1B.13(b)(3). That portion of the Policy Statement provides that the following circumstances may qualify as "extraordinary and compelling reasons" justifying compassionate release:

> (3) Family Circumstances of the Defendant.—
>
> (A) The death or incapacitation of the caregiver of the defendant's minor child or the defendant's child who is 18 years of age or older and incapable of self-care because of a mental or physical disability or a medical condition.
>
> (B) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
>
> (C) The incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent.
>
> (D) The defendant establishes that circumstances similar to those listed in paragraphs (3)(A) through (3)(C) exist involving any other immediate family member or an individual whose relationship with the defendant is similar in kind to that of an immediate family member, when the defendant would be the only available caregiver for such family member or individual. For purposes of this provision, "immediate family member" refers to any of the individuals listed in paragraphs (3)(A) through (3)(C) as well as a grandchild, grandparent, or sibling of the defendant.

USSG 1B1.13(3).

"Incapacitation" is not defined in the Guidelines. However, the cases that have looked at this issue have generally held that "incapacitated" is synonymous with "completely disabled" or "unable to carry on any self-care and [are] totally confined to a chair or a bed" or has a "severe cognitive deficit" like Alzheimer's that similar interferes with the individual's ability to care for themselves. *United States v. Rooks*, 2022 WL 267899 (E.D.PA 2022); *United States v. Perez*, 2025 WL 28235. "The bar to show incapacitation is a high one." *United States v. Head*, __ F.Supp.4th ___, 2025 WL 2229803 *3 (E.D.CA August 5, 2025) (internal citations and quotation marks omitted).

ORDER - 3

A defendant seeking compassionate release has the burden of establishing grounds for such an extraordinary remedy. *United States v. Wright*, 46 F.3rd 938, 951 (9th Cir. 2022); *United States v. Grummer*, 519 F.Supp.3d 760, 762 (S.D.CA 2021). "[C]onclusory statements are insufficient to carry his burden of persuasion." *United States v. Georgia*, 2024 WL 812041 (S.D.Ga 2024). Where a defendant claims that a family member's medical issues constitute "incapacitation" the defendant has the burden of producing medical records or a note from a treating physician to establish said incapacitation. *United States v. Romano*, 707 F.Supp.3d 233, 237-38 (E.D.NY 2023). "To carry this burden, defendants should provide evidence to the court by way of 'adequate information and documentation . . . including but not limited to a statement and verifiable medical documentation regarding the individual's incapacitation . . ." *United States v. Michel*, 2025 WL 786284 (S.D.FL 2025) (citations omitted).

Similarly, it is the defendant who has the burden of production and persuasion that he is the "only available caretaker" for his allegedly incapacitated family member. And the law is clear – the mere fact that it would be inconvenient or costly to an alternative caregiver to provide care for the incapacitated family member is *not* sufficient to show there is no one else available to do so. *Michel*, *supra* at *4. *Rooks, supra*, at *6.

### B. Exhaustion of Administrative Remedies

With the passage of the First Step Act in 2018, defendants are free to directly file their own motion with the Court – but only "provided he first exhausts administrative remedies within the BOP. *Id.* A defendant bears the burden of proving that exhaustion of administrative remedies. *United States v. Van Sickle*, 2020 WL 2219496 (WDWA 2020). The administrative exhaustion requirement is "a mandatory claims processing rule that must be enforced when properly invoked." *United States v. Keller*, 2 F.4th 1278, 1282 (9th Cir. 2021). The evidence establishes that Mr. Wheeler sent a request for compassionate release to the warden of his facility, and his request was denied. Dkt. 1141.

### C. Extraordinary and Compelling Circumstances.

The Court must next determine if extraordinary and compelling circumstances warrant a reduction of Mr. Wheeler's term of imprisonment. *See* 18 U.S.C. § 3582(c)(1)(A)(i); USSG § 1B1.13.

Mr. Wheeler argues that he has presented two extraordinary and compelling reasons to grant his immediate release. First, he is needed to provide care and assistance for his elderly parents who are in their 70s. He indicates their main caregiver, his brother Rodney, died in a workplace accident in June of 2023. Additionally, Mr. Wheeler argues he is needed to care for his two grandsons given the impending long-term imprisonment of their mother, his daughter Charelle Dale. Mr. Wheeler states that Ms. Dale wishes for him to have custody of her sons while she is incarcerated. Dkt. 1141.

As discussed above, pursuant to Section 1B1.13(b)(3)(C), to qualify for potential compassionate release, Mr. Wheeler has the burden of establishing both that his parents are incapacitated and that he is the only available caregiver. The government argues that Mr. Wheeler has failed to meet his burden in that the motion contains only the conclusory statements that Mr. Wheeler's parents are "elderly" and "in their 70s," with no evidence provided establishing they are incapacitated and in need of care. Dkt. 1142.

The government argues that Mr. Wheeler has failed to establish he is the only available caregiver for his parents, highlighting the fact that while Mr. Wheeler's brother Rodney, who had evidently been his parents' main caregiver, died in a workplace accident in June of 2023, Mr. Wheeler provides no information as to who has been caring for his parents in the two years since his brother's death. As evidenced by the Presentence Report in this matter, Mr. Wheeler has two other siblings, as well as other adult family members, but Mr. Wheeler provides no information as to why any of these individuals cannot provide care for his parents, if indeed his parents are incapacitated and in need of care.

In its opposition the Government addresses Mr. Wheeler's claim regarding his daughter's long-term imprisonment and wish for Mr. Wheeler to care for her sons, Mr. Wheeler's grandchildren. While care of grandchildren is a possible ground for compassionate release pursuant to USSG 1B1.13(b)(3)(D), Mr. Wheeler bears the burden of showing that his grandchildren's only available caregiver is "incapacitated" and that there is no other available caregiver for the children. The government argues that Mr. Wheeler's claim regarding his grandchildren is wholly conclusory in nature, and that he has failed to meet his burden. Dkt. 1142.

The Court agrees with the government's analysis. Mr. Wheeler's justifications fail to meet the legal or factual requirements to warrant the relief he requests.

**D. Safety of Others**

Having made the determination that Mr. Wheeler has not met his burden to support compassionate release, there is no need for this Court to address the issue of whether he is a danger to the safety of any other person or to the community as provided in 18 U.S.C. § 3142 (g).

### III.  CONCLUSION

For the foregoing reasons, Defendant Railen Janai Wheeler's motion for compassionate release is **DENIED**.

DATED this 5th day of September, 2025.

*Richard A. Jones*
_____
The Honorable Richard A. Jones
United States District Judge